**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| | | | | | |
|---|---|---|---|---|---|
| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Francis Gillen

Case No.: _____17-11990_____

Judge: _____ABA_____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  Date: _____5/7/18_____

☒ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/SW__    Initial Debtor: __/s/ FG__    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____1531.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____June 1, 2018_____ for approximately _____45_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☒ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,810.00 |
| DOMESTIC SUPPORT OBLIGATION | Child Support | notice only |
| Internal Revenue Service | taxes | $904.84 |
| State of New Jersey | taxes | $3,596.85 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

a.  **Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c.  **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Regional Acceptance Corporation | 2015 Chevrolet Impala | $33,327.02 | $19,600.00 | none | $33,327.02 | 5% | $37,735.20 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

Bank of America- arrears cured via a loan modification. Payments to be maintained outside of the Plan.

| **g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE** |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

## Part 5: Unsecured Claims ☒ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ ___27,239.00___ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☒ NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

   b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☒ NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Regional Acceptance Corp | 2015 Chevrolet Impala | $33,327.02 | $19,600.00 | $37,735.20 | $4,408.18 |

**Part 8:   Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority Claims
3) Secured Claims
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____May 7, 2018_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To list the debt with Bank of America as unaffected by the Plan since the arrears were cured via a loan modification. | To list the debt with Bank of America as unaffected by the Plan since the arrears were cured via a loan modification. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: May 7, 2018 _____        /s/Seymour Wasserstrum_____
                                                 Attorney for the Debtor

Date: May 7, 2018 _____        /s/ Francis Gillen_____
                                                  Debtor

Date: _____             _____
                                                 Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: May 7, 2018                                              /s/Seymour Wasserstrum
                                                               Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: May 7, 2018                                              /s/ Francis Gillen
                                                               Debtor

Date: _____                                     _____
                                                               Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-11990-ABA
Francis J Gillen                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2                 Date Rcvd: May 08, 2018
                              Form ID: pdf901          Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 10, 2018.
db             +Francis J Gillen,    4 Kenneth Court,    Sewell, NJ 08080-4115
516623359      +Bank Of America Home Loans,    PO Box 15222,    Wilmington, DE 19886-5222
516857609       Bank of America, N.A.,    PO Box 31785,    Tampa, FL 33631-3785
516623360      +Capital One Bank,    P.O. Box 30281,    Salt Lake City, UT 84130-0281
516623363     ++FORSTER & GARBUS LLP,    60 VANDERBILT MOTOR PARKWAY,    P O BOX 9030,    COMMACK NY 11725-9030
               (address filed with court: Forster, Garbus & Garbus,     60 Motor Parkway,
                 Commack, NY 11725-5710)
516623362      +First Premier,    3820 N. Lousie Ave,    Sioux Falls, SD 57107-0145
516623365      +Gloucester County Special Civil,    1 N Broad Street,    Woodbury, NJ 08096-4602
516623364      +Gloucester County Special Civil,    1 North Broad Street,    C/O sc 00118510,
                 Woodbury, NJ 08096-4602
516623366      +Gloucester County Special Civil,    1 North Broad Street,    Woodbury, NJ 08096-4602
516623370       IRS,    PO Box 725,    Special Procedures Function,    Springfield, NJ 7081
516623374      +Marksman Landscape,    1975 Erial Rd,    Blackwood, NJ 08012-4482
516623376       Pioneer Credit Recovery Inc,    P.O. Box 1018,    Moorestown, NJ 08057-0018
516623378      +Quality Assest Recovery,    7 Foster Ave STE 101,    Gibbsboro, NJ 08026-1191
516790079     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,     Department of Treasury,
                 Division of Taxation,    PO Box 245,    Trenton, NJ 08695-0245)
516623380      +State Of New Jersey,    P.O. Box 445,    Department Of Treasury,    Trenton, NJ 08695-0445
516623382      +Sun East Federal Credit Union,    P.O. Box 2231,    Aston, PA 19014-0231
516623383      +Universal Recovery Corp,    2880 Sunrise Blvd, Ste 138,    Rancho Cordova, CA 95742-6103

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 08 2018 23:25:31      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 08 2018 23:25:29      United States Trustee,
                 Office of the United States Trustee,     1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516762560       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 08 2018 23:35:29
                 American InfoSource LP as agent for,     Verizon,   PO Box 248838,
                 Oklahoma City, OK 73124-8838
516623358       E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM May 08 2018 23:25:24      Asset Acceptance,
                 Po Box 2036,    Warren, MI 48090-2036
516623361      +E-mail/Text: bknotices@fenton-mcgarvey.com May 08 2018 23:24:42      Fenton & McGarvey,
                 2401 Stanley Gault Parkway,    Louisville, KY 40223-4175
516623371      +E-mail/Text: cio.bncmail@irs.gov May 08 2018 23:24:58      IRS,    1601 Market St,
                 Philadelphia, PA 19103-2301
516623373      +E-mail/PDF: gecsedi@recoverycorp.com May 08 2018 23:29:16      Jc Penney,    P.O. Box 965007,
                 Orlando, FL 32896-5007
516809192      +E-mail/Text: bankruptcydpt@mcmcg.com May 08 2018 23:25:28      MIDLAND FUNDING LLC,
                 PO BOX 2011,    WARREN, MI 48090-2011
516623375      +E-mail/Text: bankruptcydpt@mcmcg.com May 08 2018 23:25:28      Midland Funding,
                 8875 Aero Dr, Ste 200,    San Diego, CA 92123-2255
516623377       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 08 2018 23:29:23
                 Portfolio Recovery,    120 Corporate Blvd Ste 1,    Norfolk, VA 23502
516623379      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM May 08 2018 23:29:09      Regional Acceptance Corp,
                 PO Box 830913,    Birmingham, AL 35283-0913
516644166       E-mail/PDF: RACBANKRUPTCY@BBANDT.COM May 08 2018 23:29:09      Regional Acceptance Corporation,
                 PO Box 1847,    Wilson, NC 27894-1847
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516623367*     +Gloucester County Special Civil,    1 N Broad Street,    Woodbury, NJ 08096-4602
516623368*     +Gloucester County Special Civil,    1 N Broad Street,    Woodbury, NJ 08096-4602
516623369*      IRS,    PO Box 744,   Springfield, NJ 07081-0744
516623372*     +Irs,    P.O. Box 7346,    Philadelphia, PA 19101-7346
516623381*     +State Of New Jersey,    P.O. Box 445,    Department Of Treasury,    Trenton, NJ 08695-0445
                                                                                              TOTALS: 0, * 5, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-1          User: admin                Page 2 of 2                  Date Rcvd: May 08, 2018
                              Form ID: pdf901            Total Noticed: 29
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2018                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 7, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    BANK OF AMERICA, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Seymour   Wasserstrum    on behalf of Debtor Francis J Gillen mylawyer7@aol.com,  ecf@seymourlaw.net
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 4
```